UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. DOUGHERTY, ET AL.,

        Plaintiffs,                      No. 16-10089

v.                                  District Judge Arthur J. Tarnow
                                  Magistrate Judge R. Steven Whalen

ESPERION THERAPEUTICS, INC.,
ET AL.

        Defendants.
_____ /

### OPINION AND ORDER

This is a securities fraud case brought under Sections 10(b) and 20(a) of the

Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange

Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. Before the Court is Non-Party

Deborah Birnbach's and Defendant's Joint Motion to Quash Plaintiff's Subpoena of

Defendant's Lead Trial Counsel [ECF No. 124]. For the reasons discussed below, the

motion is GRANTED.

Non-party Deborah Birnbach is Defendant's lead trial counsel. She is not corporate

counsel or in-house counsel for Esperion. Among her other duties, she advised Esperion

regarding its September 18, 2015 press releases. Plaintiff seeks to depose her regarding

her advice to Esperion, statements made to the Financial Industry Regulatory Authority,

and in-court statements she made during the course of her representation.

We start with the principle that taking the deposition of counsel, and particularly of litigation counsel, is highly disfavored, and permissible only under limited circumstances. In *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002), the Sixth Circuit adopted the Eighth Circuit's *Shelton* test for determining when opposing counsel might be deposed:

> "Discovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" (Quoting *Shelton v. Am. Motors Corp*., 805 F.2d 1323, 1327 (8th Cir.1986)).

The *Shelton* Court stated, "We view the increasing practice of taking opposing counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Id*. That having been said, *Shelton* did not hold that opposing counsel may *never* be deposed, but limited such occasions to those where the party seeking the deposition has shown the three factor described above.

While a deposition of opposing counsel runs the risk of exposing the attorney's mental impressions or litigation strategy, thereby infringing on attorney work product, the danger of such practice also lies in its corrosive effect on the litigation process itself. The *Shelton* Court described this concern as follows:

> "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client

objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious."

As *Shelton* noted, this concern is especially pertinent where the lawyer to be deposed is trial counsel. *See also Chesemore v. All. Holdings, Inc.*, 2011 WL 4458782, at *1 (N.D. Ohio Sept. 23, 2011)(permitting the deposition of an attorney who was not opposing counsel in the litigation, stating that "because the...defendants have primary litigation counsel who are not being deposed and will, no doubt, continue to focus exclusively on the best representation of their clients, the risk of distracting counsel or detracting from the quality of client representation is not an issue under these circumstances.").

Citing a number of non-binding cases, Plaintiff argues that *Shelton* does not apply because he proposes that Ms. Birnbach will be deposed as a fact witness. In effect, this is arguing nothing more than that Plaintiff meets the second *Shelton* factor–that the information sought is relevant and nonprivileged, or that the privilege has been waived. In this Circuit, under *Nationwide* and its progeny, the *Shelton* factors are applied to any situation where opposing counsel is to be deposed.

The first factor is whether there are other means to obtain the information sought. *See Wayne Cty. Airport Auth. v. Johnson Controls, Inc*., 2013 WL 4805058, at *3 (E.D. Mich. Sept. 9, 2013).[1] In this case, there are. Plaintiff alleges that Esperion's press release of August, 2015, which falsely stated that the FDA would not require a cardiovascular outcome trial (CVOT), caused the value of Esperion stock to be inflated, and the value dramatically decreased following a second and contradictory press release in September, 2015. The circumstances surrounding the creation of these press releases is central to the Plaintiff's case.  By separate Opinion and Order, I granted the Plaintiff's motion to compel production of all drafts of the press releases, as well as counsel's notes, editorial comments, memoranda, and emails related to the drafting of and revisions to the various drafts. This material will likely contain much of the information that Plaintiff would otherwise seek in a deposition. In addition, Plaintiff has also obtained, via document requests and depositions of Esperion employees and non-party witnesses, including FDA

---

[1] In adopting my order declining to permit the deposition of opposing counsel, Judge Zatkoff held:

> "First, Magistrate [Judge] Whalen correctly noted that the *Shelton* test is the relevant law within this Circuit. The fact that he applied that test to the instant circumstances and arrived at different outcome than the cases cited by Plaintiffs is beside the point. The Shelton test is context specific, and based on this case's facts, Magistrate [Judge] Whalen concluded Plaintiffs have not satisfied the first factor under Shelton." *Id*.

Also apropos to the present case, Judge Zatkoff stated, "Additionally, the cases cited by Plaintiffs are factually distinguishable from the instant case and, more importantly, are not binding on this Court." *Id*.

staff, a wealth of information relating to production of the press releases, communications between the FDA and Esperion, and participants in the End of Phase II Meeting.[2]

Plaintiff has not met his burden as to the first *Shelton* factor. This alone is sufficient to deny leave to depose Defendant's trial counsel. *See Wayne Cty. Airport Auth.* Plaintiff likely meets the second factor, at least as to information that is either non-privileged or to which the privilege has been waived. As to the third factor, given the abundance of discovery that Plaintiff has already obtained, any information gleaned from a deposition of counsel might be useful, but not critical, in view of the other discovery that has been provided.

For these reasons, Non-Party Deborah Birnbach's and Defendant's Joint Motion to Quash Plaintiff's Subpoena of Defendant's Lead Trial Counsel [ECF No. 124] is GRANTED.

IT IS SO ORDERED.

Date: November 30, 2020                    Steven Whalen_____
                                           R. Steven Whalen
                                           United States Magistrate Judge

---

[2] Defendant's unredacted motion [ECF No. 125] was filed under seal. A detailed recitation of this discovery is set forth at ECF No. 125, PageID.6021-6022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on November 30, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager