UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. DOUGHERTY, ET AL.,

      Plaintiffs,                        No. 16-10089

v.                                   District Judge Arthur J. Tarnow
                                      Magistrate Judge R. Steven Whalen

ESPERION THERAPEUTICS, INC.,
ET AL.

      Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Notice of Recent Factual Developments [ECF No. 150]. For the following reasons, the motion is DENIED.

On February 5, 2020, Plaintiffs filed a Motion to Compel Documents Withheld on Claims of Privilege [ECF No. 117].[1] Defendants filed their response on February 25, 2020 [ECF No. 126], and Plaintiffs filed a reply on February 26, 2020 [ECF No. 128].

On May 26, 2020, Plaintiffs filed the now-disputed Notice of Recent Factual Developments, with exhibits [ECF No. 149], concerning post-briefing factual material, including subsequent deposition testimony, handwritten notes of a defense witness, and

---

[1] The sealed motion is found at ECF No. 117; the redacted motion is found at ECF No. 116.

email exchanges. Defendants ask the Court to strike this Notice, characterizing it as an improper sur-reply.

First, I do not find that Plaintiffs' Notice [ECF No. 149] is a de facto sur-reply. Rather, it provides post-briefing *factual* information pertinent to the underlying motion to compel. It is a truism to say that facts are important, and relevant facts that come to light after a motion is filed are properly brought to the Court's attention. In their response, Plaintiffs have cited a number of cases confirming the permissibility of filing supplemental facts, and the impermissibility of characterizing such filings as improper sur-replies. *See United States v. City of Eastpointe*, 378 F. Supp. 3d 589, 614 (E.D. Mich. 2019)("The Court rejects Defendants' characterization of the notice and accompanying exhibit as an unauthorized sur-reply....The Court further determines that accepting the supplemental exhibit will serve the interest of developing a complete record and cause no prejudice to Defendants"); *Johnson v. Cty. of Wayne*, 2008 WL 4279359, at *8 (E.D. Mich. Sept. 16, 2008)(finding that defendants had not been "unduly prejudiced," and holding that "[i]n the interests of developing a full record, defendants' motion to strike the supplemental brief will be denied"); *Home Fed. Sav. Bank v. Office of Thrift Supervision*, 648 F. Supp. 2d 911, 913 (E.D. Mich. 2009)("[T]he court will deny Plaintiff's motion to strike OTS's supplement affidavit, as the affidavit is not a sur-reply.").

I recognize that Plaintiff's filing contains some explanatory narrative in addition to the exhibits, but that brief discussion does not transform the filing into a sur-reply; rather,

the Plaintiff's Notice primarily alerts the Court to post-briefing factual material. In any event, to the extent that the Notice crossed the line into substantive argument, I did not consider that in ruling on the underlying motion to compel.

Moreover, as was the case in *Johnson v. Cty. of Wayne*, the Defendant has not been prejudiced by the Notice. The following chronology is telling. After the present motion to strike was filed and responded to, the Court noticed the underlying motion to compel for hearing [ECF No. 182]. Pursuant to the Court's notice, the parties met, conferred, and filed a Joint List of Resolved and Unresolved Issues on October 6, 2020 [ECF No. 183]. Oral argument was held on October 8, 2020, after which I permitted both parties to file supplemental briefs. *Transcript of Hearing*, ECF No. 184, PageID. 12821-12826. The Plaintiffs filed their supplemental brief on October 14, 2020 [ECF No. 185], and the Defendants filed their brief on October 20, 2020 [ECF No. 186]. I issued an Opinion and Order granting the Plaintiffs' motion on November 30, 2020 [ECF No. 198], and on December 14, 2020, Defendants filed objections, with exhibits [ECF No. 204].[2] The Plaintiffs responded to the objections on December 28, 2020 [ECF No. 205].

So, let it not be said that the Defendants have not had a full and fair opportunity to present all of their facts and arguments to this Court in opposition to the Plaintiffs' motion to compel. Again, the Defendants have suffered no prejudice.

---

[2] On December 10, 2020, I stayed my order pending resolution of the Defendants' objections [ECF No. 203].

Therefore, Defendants' Motion to Strike Plaintiff's Notice of Recent Factual Developments [ECF No. 150] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen<br>
R. Steven Whalen<br>
United States Magistrate Judge

Dated: January 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 12, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager