UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>    vs.<br><br>ESPERION THERAPEUTICS, INC., et al.,<br><br>                        Defendants. | Civ. No. 2:16-cv-10089-AJT-RSW<br><br><u>CLASS ACTION</u><br><br>CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR (I) PRELIMINARY APPROVAL OF SETTLEMENT AND (II) APPROVAL OF NOTICE TO THE CLASS |

Class Representatives Ronald E. Wallace and Walter J. Minett respectfully move the Court to enter an Order: (i) preliminarily approving the Settlement set forth in the Stipulation of Settlement; (ii) approving the form and manner of providing notice of the Settlement to the Class; and (iii) setting a hearing date at which the Court will consider final approval of the Settlement, approval of the Plan of Allocation, and Class Counsel's Fee and Expense Application.

In support of the motion, Class Representatives rely on the accompanying Memorandum of Law, the Stipulation of Settlement and exhibits thereto, and the Declaration of Ellen Gusikoff Stewart.  A proposed order is also submitted herewith.

DATED:  April 26, 2021            ROBBINS GELLER RUDMAN
                                     & DOWD LLP

                                     s/ Ellen Gusikoff Stewart
                             _____
                             Ellen Gusikoff Stewart
                             Ryan A. Llorens
                             Kevin A. Lavelle
                             Francisco J. Mejia
                             Ting H. Liu
                             655 West Broadway, Suite 1900
                             San Diego, CA  92101
                             T:  (619) 231-1058
                             elleng@rgrdlaw.com
                             ryanl@rgrdlaw.com
                             klavelle@rgrdlaw.com
                             fmejia@rgrdlaw.com
                             tliu@rgrdlaw.com

- 1 -

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
Melinda A. Nicholson
Alexander Burns
Alayne Gobeille
Morgan M. Embleton
1100 Poydras Street, Suite 3200
New Orleans, LA  70163
T:  (504) 455-1400
lewis.kahn@ksfcounsel.com
melinda.nicholson@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

KAHN SWICK & FOTI, LLP
Ramzi Abadou
912 Cole Street, #251
San Francisco, CA  94117
T:  (415) 459-6900
ramzi.abadou@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs*

THE MILLER LAW FIRM, P.C.
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
Angela L. Baldwin (P81565)
William Kalas (P82113)
950 West University Drive, Suite 300
Rochester, MI  48307
T:  (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
alb@millerlawpc.com
wk@millerlawpc.com

*Local Counsel*
- 2 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ESPERION THERAPEUTICS, INC., et al.,<br><br>Defendants. | Civ. No. 2:16-cv-10089-AJT-RSW<br><br><u>CLASS ACTION</u><br><br>CLASS REPRESENTATIVES' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR (I) PRELIMINARY APPROVAL OF SETTLEMENT AND (II) APPROVAL OF NOTICE TO THE CLASS |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................1

II.   SUMMARY OF THE LITIGATION.................................................4

III.  THE SETTLEMENT TERMS ....................................................6

IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
      APPROVAL ....................................................................8

      A.    The Class Representatives and Class Counsel Have Adequately
            Represented the Class..........................................................10

      B.    The Settlement Is the Result of a Thorough, Rigorous and
            Arm's-Length Negotiation Process.....................................10

      C.    The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy
            Criteria..........................................................................12

            1.    The Settlement Is Adequate in Light of the Costs, Risks
                  and Delay of Trial and Appeal....................................12

            2.    The Method of Distributing Relief Is Effective........................14

            3.    Attorneys' Fees and Expenses ...................................15

            4.    There Are No Side Agreements Other than Opt-Outs..............17

      D.    Class Members Are Treated Equitably ................................17

      E.    The Judgment of Experienced Trial Counsel.....................................17

      F.    The Sixth Circuit's Public Interest Factor Is Satisfied......................19

V.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE....................20

VI.   PROPOSED SCHEDULE OF EVENTS ....................................................23

VII.  CONCLUSION..............................................................................24

4818-7765-7062.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Dallas v. Alcatel-Lucent USA, Inc.*,
No. 09-14596, 2013 WL 2197624
(E.D. Mich. May 20, 2013) ................................................................ 13

*Eshe Fund v. Fifth Third Bancorp*,
No. 1:08-cv-00421-SSB-SLO, slip op.
(S.D. Ohio Nov. 20, 2013) ................................................................. 16

*Franks v. Kroger Co.*,
649 F.2d 1216 (6th Cir. 1981),
*vacated on other grounds and modified*,
670 F.2d 71 (6th Cir. 1982) ............................................................... 19

*Griffin v. Flagstar Bancorp, Inc.*,
No. 2:10-cv-10610, 2013 WL 6511860
(E.D. Mich. Dec. 12, 2013) ................................................................ 19

*Hyland v. HomeServices of Am., Inc.*,
No. 3:05-cv-612-R, 2012 WL 122608
(W.D. Ky. Jan. 17, 2012) ................................................................... 11

*In re Agent Orange Prod. Liab. Litig.*,
597 F. Supp. 740 (E.D.N.Y. 1984),
*aff'd*, 818 F.2d 145 (2d Cir. 1987) .................................................... 13

*In re Chemed Corp. Sec. Litig.*,
No. 1:12-cv-00028-MRB, slip op.
(S.D. Ohio Mar. 27, 2014) ................................................................. 21

*In re Se. Milk Antitrust Litig.*,
No. 2:08-MD-1000, 2013 U.S. Dist. LEXIS 70167
(E.D. Tenn. May 17, 2013) ................................................................. 16

*In re Sirrom Cap. Corp. Sec. Litig.*,
No. 3-98-0643, slip op.
(M.D. Tenn. Feb. 4, 2000) .................................................................. 16

- ii -

**Page**

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
    No. 2:12-cv-83, 2014 WL 2946459
    (E.D. Tenn. June 30, 2014) .................................................................................16

*In re Skelaxin Metaxalone Antitrust Litig.*,
    No. 2343, 2014 U.S. Dist. LEXIS 60214
    (E.D. Tenn. Apr. 30, 2014) .................................................................................18

*In re Telectronics Pacing Sys., Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001) ................................................................9

*Indiana State Dist. Council of Laborers
    and HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*,
    No. 2:06-cv-00026-WOB-CJS, slip op.
    (Mar. 21, 2019) .................................................................................................21

*Int'l Union, United Auto., Aerospace, & Agric.
    Implement Workers of Am. v. GMC*,
    497 F.3d 615 (6th Cir. 2007) ..............................................................................19

*IUE-CWA v. GMC*,
    238 F.R.D. 583 (E.D. Mich. 2006) .....................................................................18

*Miracle v. Bullitt Cnty.*,
    No. 05-130-C, 2008 WL 3850477
    (W.D. Ky. Aug. 15, 2008) ..................................................................................12

*Plumbers & Pipefitters Nat'l Pension Fund v. Burns*,
    No. 3:05-cv-07393-JGC, slip op.
    (N.D. Ohio July 19, 2016) ..................................................................................21

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    No. 10-CV-14360, 2015 WL 1498888
    (E.D. Mich. Mar. 31, 2015),
    *vacated and remanded on other grounds by*
    825 F.3d 299 (6th Cir. 2016) ..............................................................................16

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) ..............................................................................18

**Page**

*Zimmerman v. Diplomat Pharmacy, Inc., et al.*,
   No. 2:16-cv-14005-AC-SDD, slip op.
   (E.D. Mich. May 7, 2019)....................................................................................20

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
   §78j(b)............................................................................................................4
   §78t(a)............................................................................................................4
   §78u-4(a)(4) ........................................................................................*passim*
   §78u-4(a)(7) ..................................................................................................21

Federal Rules of Civil Procedure
   Rule 23(c)(2)..................................................................................................21
   Rule 23(e)............................................................................................4, 9, 20
   Rule 23(e)(1)....................................................................................................8
   Rule 23(e)(1)(B)............................................................................................20
   Rule 23(e)(2)..........................................................................................2, 8, 9
   Rule 23(e)(2)(A).............................................................................................10
   Rule 23(e)(2)(B).............................................................................................10
   Rule 23(e)(2)(C).............................................................................................12
   Rule 23(e)(2)(C)(i)..........................................................................................12
   Rule 23(e)(2)(C)(ii).........................................................................................14
   Rule 23(e)(2)(C)(iii)........................................................................................15
   Rule 23(e)(2)(C)(iv)........................................................................................17
   Rule 23(e)(2)(D) ............................................................................................17
   Rule 23(e)(3)....................................................................................................9

Treasury Regulations
   §1.468B-1.........................................................................................................6

## SECONDARY AUTHORITIES

Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action
   Litigation: 2020 Full-Year Review*
   (NERA Jan. 25, 2021)........................................................................................3

4818-7765-7062.v1

Class Representatives Ronald E. Wallace and Walter J. Minett, on behalf of themselves and the certified Class, submit this memorandum in support of preliminary approval of the Settling Parties' Stipulation of Settlement dated April 26, 2021 (the "Stipulation"), which is being filed concurrently herewith.[1]

## I.      INTRODUCTION

As set forth in the Stipulation, the Settlement provides for the payment of $18.25 million in cash to resolve this securities class action against all Defendants. The Class obtained this significant recovery after over four years of hard-fought litigation among sophisticated parties and experienced counsel.  The recovery follows extensive, arm's-length, mediation overseen by experienced mediators, Michelle Yoshida, Esq. of Phillips ADR and the Hon. Gerald E. Rosen (Ret.) of JAMS.  With the benefit of substantial briefing and discussions, and an advanced factual record, Judge Rosen (Ret.) made, and the Settling Parties accepted, a mediator's proposal to resolve the case for $18.25 million in cash.  On March 12, 2021, the Settling Parties executed a Term Sheet setting forth the contours of the agreement.  Following additional negotiations, the Settling Parties executed the Stipulation on April 26, 2021.

The Settlement was reached by counsel with a keen understanding of the merits of the claims and at an advanced stage of the Litigation.  Merits discovery, including the

---

[1]    All terms not otherwise defined herein have the same meanings as set forth in the Stipulation.  Citations are omitted and emphasis is added throughout, unless otherwise indicated.

production of hundreds of thousands of documents obtained from Defendants and several third parties and the completion of 16 fact depositions, was extensive.  Class Representatives' motion for class certification was granted after full briefing and discovery, and cross motions for summary judgment were filed, fully briefed and pending when this Settlement was reached.  The parties designated experts and exchanged reports.  The Settlement was negotiated before highly skilled and experienced mediators, which included the exchange of detailed mediation statements and two full-day mediation sessions.  Finally, the Settlement represents nearly 30% of estimated recoverable damages and was negotiated by counsel with extensive experience in securities class actions who intelligently evaluated the merits of Class Representatives' claims, including the risks to recovery and likelihood of ultimate success.

As set forth below, the proposed Settlement easily satisfies Rule 23(e)(2), as recently amended, and the Sixth Circuit's standards for settlement approval.  The Settlement is fair, reasonable and adequate.[2]  This result far exceeds the 1.7% median percentage recovery in securities class actions in 2020.  *See* Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2020 Full-Year*

---

[2]   It represents an even higher percentage if Defendants' expected arguments with respect to loss causation and damages had been accepted at summary judgment or trial since Defendants dispute Class Representatives' estimated recoverable damages.

- 2 -

*Review*, at 20 (Figure 16) (NERA Jan. 25, 2021), attached to the accompanying Declaration of Ellen Gusikoff Stewart ("Stewart Decl.") as Exhibit 1.

Class Representatives and their counsel approve of the Settlement. Class Counsel have substantial securities litigation experience, have litigated hundreds of cases to resolution, and are recognized as leading experts in the field. Class Representatives retained these attorneys specifically because of their expertise and acumen in large complex securities matters like this one, as well as their experience with the Court. In accepting the mediator's proposal, Class Representatives and Class Counsel understood that there were serious risks in continued litigation. Although Class Representatives believe strongly in the merits of their case, Defendants do too. At trial, Class Representatives would have had the burden of proving each of the elements of their securities claims over Defendants' defenses. Trial would have been costly, and either party could have prevailed.

Pursuant to the Stipulation, the Settling Parties request that the Court enter an order: (1) preliminarily approving the terms of the Settlement as set forth in the Stipulation; (2) approving the form and method for providing notice of the Settlement to the Class; and (3) scheduling a settlement hearing for final approval of: (i) the Settlement; (ii) the Plan of Allocation; (iii) Class Counsel's application for an award of attorneys' fees and expenses; and (iv) Class Representatives' application for awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the

- 3 -

Class.  As shown below, the Settlement is an excellent result for the Class, is fair, reasonable, and adequate under Rule 23(e) and the governing standards in this Circuit, and warrants preliminary and ultimately final approval.

## II.    SUMMARY OF THE LITIGATION

The initial complaint in this action was filed on January 12, 2016.  On April 5, 2016, the Court appointed Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Kahn Swick & Foti, LLC ("Kahn Swick") as Lead Counsel and The Miller Law Firm, P.C. as Liaison Counsel.

The Amended Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on May 20, 2016, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 by making materially false and misleading statements between August 18, 2015 and September 28, 2015, inclusive.

Defendants moved to dismiss the Complaint, and on December 27, 2016, the Court granted Defendants' motion.  On June 19, 2017, Lead Plaintiffs appealed the dismissal to the U.S. Court of Appeals for the Sixth Circuit.  On September 27, 2018, the Sixth Circuit reversed the Court's dismissal.

On June 6, 2019, Lead Plaintiffs filed their motion to certify the action as a class action.  On May 31, 2020, Magistrate Whalen issued a report and recommendation granting the motion to certify the Class, and appointed Lead Plaintiffs as Class Representatives and Lead Counsel as Class Counsel.  And on

- 4 -

November 19, 2020, the Court adopted Magistrate Whalen's report and recommendation.

The Settling Parties have engaged in extensive discovery, including the production and review of hundreds of thousands of non-public documents and the taking of depositions. The Settling Parties have also retained experts on the various issues raised in the Litigation.

The Class Representatives and Defendants filed cross motions for summary judgment on September 15, 2020, and oppositions were filed on October 23, 2020. Reply briefs were filed on November 20, 2020.

On May 2, 2019, the Settling Parties participated in an in-person mediation session with Michelle Yoshida, Esq. of Phillips ADR. The mediation was preceded by submission of mediation statements and exhibits. The Settling Parties engaged in arm's-length negotiations during the mediation session but were unable to reach an agreement at the mediation, and litigation continued. On November 3, 2020, the Settling Parties participated in a mediation with the Hon. Gerald E. Rosen (Ret.), but were unable to reach an agreement. Following the mediation, the Settling Parties continued to pursue litigation activity while settlement discussions continued through Judge Rosen. On March 12, 2021, the Settling Parties reached an agreement-in-principle to resolve the Litigation. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

- 5 -

## III.   THE SETTLEMENT TERMS

This Settlement provides for the payment of $18.25 million into the Escrow Account, which amount comprises the Settlement Fund.

Notice to the Class and the cost of settlement administration ("Notice and Administration Costs") will be funded by the Settlement Fund.  Stipulation, ¶2.10. Class Representatives propose a nationally recognized class action settlement administrator, Gilardi & Co. LLC ("Gilardi"), to be retained here subject to the Court's approval.  *See* www.gilardi.com.  The proposed notice plan and plan for claims processing is discussed below in §V.

Because the Settlement Fund is a "qualified settlement fund," within the meaning of Treas. Reg. §1.468B-1, the income earned on the Settlement Fund is taxable.  All Taxes and Tax Expenses (such as expenses of tax attorneys and/or accountants) shall be paid out of the Settlement Fund.

The Class Representatives each intend to request an amount not to exceed $7,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Any such amounts the Court awards shall be paid from the Settlement Fund.

Class Counsel will submit an application with their opening papers in support of final approval of the Settlement for: (a) an award of attorneys' fees in the amount not to exceed 32.5% of the Settlement Amount; (b) payment of expenses or charges

- 6 -

resulting from the prosecution of the Litigation of as much as $1 million; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund.  Such fees and expenses shall be paid from the Settlement Fund upon entry of the order awarding such fees and expenses.

Once Notice and Administration Costs, Taxes, Tax Expenses and Court-approved attorneys' fees and expenses and any award to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) have been paid from the Settlement Fund, the remaining amount, the Net Settlement Fund, shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10.  The Plan of Allocation treats all Class Members equitably based on the timing of their Esperion common stock purchases or acquisitions during the Class Period and whether and when those shares were sold.

The Settling Parties have entered into a Supplemental Agreement which provides that if prior to the Settlement Hearing, the number of valid requests for exclusion from the Class that are received exceeds a certain amount, Defendants shall have the option to terminate the Settlement.  Stipulation, ¶7.3.

In exchange for the benefits provided under the Stipulation, Class Members and the Releasing Plaintiffs Parties will release any and all claims against Defendants and the Released Defendants Parties which arise out of, are based upon, or relate in any way to: (i) the purchase or acquisition of Esperion common stock during the Class Period; and

- 7 -

(ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, omissions, that were or could have been involved, set forth, alleged or referred to in the Litigation.[3]

## IV.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Pursuant to Rule 23(e)(1), the issue at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."   Rule 23(e)(2) provides:

> (2)   ***Approval of the Proposal.***   If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> (A)   the class representatives and class counsel have adequately represented the class;
>>
>> (B)   the proposal was negotiated at arm's length;
>>
>> (C)   the relief provided for the class is adequate, taking into account:
>>
>>> (i)   the costs, risks, and delay of trial and appeal;
>>>
>>> (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>>
>>> (iii)   the terms of the proposed award of attorney's fees, including timing of payment; and

---

[3]   Please refer to Stipulation, ¶¶1.25, 1.35 for the complete definitions of Released Claims and Unknown Claims.

        (iv)   any agreement required to be identified under Rule 23(e)(3); and

      (D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, "[w]hen determining whether the proposed settlement is fair, adequate, and reasonable," courts in the Sixth Circuit take into account the following factors (several of which overlap with Rule 23(e)(2)):

      (1)   the plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;

      (2)   the complexity, expense and likely duration of the litigation;

      (3)   the stage of the proceedings and the amount of discovery completed;

      (4)   the judgment of experienced trial counsel;

      (5)   the nature of the negotiations;

      (6)   the objections raised by the class members; and

      (7)   the public interest.

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1009 (S.D. Ohio 2001).

As the proposed Settlement for $18.25 million in cash easily satisfies Rule 23(e) as well as the Sixth Circuit's factors, which are each addressed below (some together to the extent they overlap), notice of the proposed Settlement should be sent to the Class in advance of a final approval hearing.

- 9 -

**A.    The Class Representatives and Class Counsel Have Adequately Represented the Class**

Since January 2016, Class Representatives and their counsel have adequately represented the Class, satisfying Rule 23(e)(2)(A) (the class representatives and class counsel adequately represented the class) as well as the Sixth Circuit's closely related third factor (the stage of proceedings and the amount of discovery completed), by diligently prosecuting this Litigation on their behalf.  This includes, among other things, drafting the amended complaint, opposing Defendants' motion to dismiss, fully briefing and arguing a successful appeal to the Sixth Circuit, obtaining, reviewing and analyzing over 216,000 pages of documents, completing 20 fact and expert witness depositions, fully briefing the motion for class certification, engaging and working with various expert witnesses who had undertaken substantial work on merits and class certification issues, briefing cross motions for summary judgment and engaging in two full-day mediation sessions with the mediators.  The $18.25 million recovery obtained through these efforts will provide significant relief to the Class.

**B.    The Settlement Is the Result of a Thorough, Rigorous and Arm's-Length Negotiation Process**

After considerable arm's-length negotiations with the assistance of experienced mediators, Michelle Yoshida of Phillips ADR and Judge Rosen, Class Representatives and Class Counsel reached an agreement with Defendants to settle for $18.25 million in cash.  Accordingly, Rule 23(e)(2)(B) (the proposal was negotiated at arm's length)

4818-7765-7062.v1

and the Sixth Circuit's overlapping fifth factor (the nature of the negotiations) are undoubtedly satisfied.

The parties attended two mediations, one with Michelle Yoshida on May 2, 2019, and one with Judge Rosen on November 3, 2020. Following each unsuccessful meditation, the parties continued settlement discussions while continuing to vigorously litigate this case. Through ongoing discussions with Judge Rosen following the November 2020 mediation, the Settling Parties ultimately reached an agreement-in-principle to resolve the Litigation on March 12, 2021.

The negotiations were at arm's length and well informed by, among other things, years of extensive investigation by Class Counsel, including: (i) analysis of the publicly-available information about Esperion and the Defendants; (ii) contentious motion practice seeking dismissal of the claims, including an appeal to the Sixth Circuit; (iii) review and analysis of over 216,000 pages of documents produced by Defendants and third parties in response to Class Representatives' discovery requests; (iv) class certification discovery and briefing; (v) 20 depositions of percipient and expert witnesses; (vi) consultation with experts regarding FDA's drug approval process, market expectations with respect to a company's public disclosures, loss causation and damages; and (vii) briefing on cross motions for summary judgment. *See Hyland v. HomeServices of Am., Inc.*, No. 3:05-cv-612-R, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (when determining whether preliminary approval is

appropriate, courts should evaluate whether the settlement "'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval'"); *see also Miracle v. Bullitt Cnty.*, No. 05-130-C, 2008 WL 3850477, at *5 (W.D. Ky. Aug. 15, 2008) (evaluating preliminary approval of a settlement based on whether negotiations were at arm's length, whether there was evidence of collusion, and whether there was preferential treatment to segments of the class).

### C.   The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy Criteria

#### 1.   The Settlement Is Adequate in Light of the Costs, Risks and Delay of Trial and Appeal

The proposed Settlement satisfies the Rule 23(e)(2)(C)(i) adequacy standard, considering the costs, risks and delay of trial and appeal, which also covers the Sixth Circuit's overlapping second factor (the complexity, expense and likely duration of the litigation).   The Settlement also satisfies the Sixth Circuit's first factor (the plaintiffs' likelihood of ultimate success on the merits balanced against the settlement amount).   It provides an immediate and substantial benefit for the Class – $18.25 million in cash – which is almost 30% of reasonably recoverable damages allegedly suffered by Class Members.   "The determination of a reasonable settlement is not susceptible to mathematical precision.   Rather, there is a range of reasonableness for a

4818-7765-7062.v1

settlement, and it should be preliminarily approved if it falls within the range of possible approval." *Dallas v. Alcatel-Lucent USA, Inc.*, No. 09-14596, 2013 WL 2197624, at *9 (E.D. Mich. May 20, 2013). In making the determination, the adequacy of the amount offered in a settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of strengths and weaknesses of plaintiffs' case." *In re Agent Orange Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). Nevertheless, here Class Counsel obtained a very good result.

Given the complexities of this Litigation, the many issues in contention, the amount in controversy and the substantial risks of continued litigation, Class Counsel believe the Settlement represents a very favorable resolution of this Litigation. Importantly, the Settlement eliminates the risk that Class Representatives and the Class might recover nothing or might not recover as much as obtained in the Settlement, if the Litigation were to continue.

While Class Representatives are confident in the strength of the case, they are aware of the defenses available to Defendants and the inherent risks and delays of litigation, including post-judgment appeals, if any. Defendants have denied that they made any material misrepresentations or omissions, denied that they acted with scienter, and denied that any losses suffered by investors were the result of the alleged fraud. They also maintained that they have meritorious defenses to all claims alleged

- 13 -

in the Litigation.  Although Class Representatives remained confident that they would ultimately prevail, they were fully informed of the strengths and weaknesses of Class Representatives' case, including the complicated and nuanced legal issues presented here.  Given these and other risks faced by the Class, a positive result was far from assured.

### 2.    The Method of Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process also satisfies Rule 23(e)(2)(C)(ii).

The notice plan is discussed below (§V) and includes direct mail notice to all those who can be identified with reasonable effort supplemented by the publication of the Summary Notice in *Investor's Business Daily* and once over a national wire service.  Gilardi will utilize time-tested methods to ensure class members who hold Esperion stock in their own names as well as those who hold Esperion stock in street name will receive a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release ("Proof of Claim") (collectively, "Claim Package").  First, Gilardi will obtain the names of Class Members who hold Esperion stock in their own names from Esperion's stock transfer agent.  In addition, Gilardi will contact the brokers, banks and other institutions known as Nominee Holders.  Based on experience locating Class Members who hold stock in street name, Gilardi has developed a proprietary list of hundreds of Nominee Holders to whom it

- 14 -

will send a Claim Package and cover letter.[4]  Lastly, Gilardi will establish and

maintain a website where key documents will be posted regarding the Settlement and

the Proof of Claim form may be downloaded or submitted online, and will establish

and maintain a toll-free number which Class Members can call to make inquiries

about the Settlement.

The claims process is also effective and includes a standard claim form which

requests the information necessary to calculate a claimant's claim amount pursuant to

the Plan of Allocation.  The Plan of Allocation will govern how Class Members'

claims will be calculated and, ultimately, how money will be distributed to Authorized

Claimants.  The Plan of Allocation was prepared with the assistance of Class

Representatives' damages expert and is based on the Class Representatives' theories

of liability.  It is substantively the same as plans that have been approved and

successfully used to allocate recoveries in other securities class actions.

### 3.     Attorneys' Fees and Expenses

Rule 23(e)(2)(C)(iii) addresses the attorneys' fee award Class Counsel intend to

seek.  As discussed above in §III, Class Counsel intend to request fees not to exceed

thirty-two and a half percent (32.5%) of the Settlement Amount and expenses in an

---

[4]     Gilardi will also send a Claim Package and cover letter to the approximately 4,500
financial institutions registered with the SEC as potential Nominee Holders.  In
addition, Gilardi will send additional copies of the Claim Package to those Nominee
Holders who indicate they will directly send the Claim Package to their clients who
may be Class Members.

amount not to exceed $1 million, plus interest on both amounts.  This is in line with similar fee requests granted by courts in the Sixth Circuit.  *See, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14360, 2015 WL 1498888, at *15 (E.D. Mich. Mar. 31, 2015) (awarding class counsel one-third of common fund as attorneys' fees, and finding that "[c]ourts have noted that the range of reasonableness in common fund cases is from 20 to 50 percent of the common fund"), *vacated and remanded on other grounds by* 825 F.3d 299 (6th Cir. 2016); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 2:12-cv-83, 2014 WL 2946459, at *1 (E.D. Tenn. June 30, 2014) ("The Court finds that the requested counsel fee of one third [of $73 million recovery] is fair and reasonable and fully justified.  The Court finds it is within the range of fees ordinarily awarded."); *In re Sirrom Cap. Corp. Sec. Litig.*, No. 3-98-0643, slip op. at ¶10 (M.D. Tenn. Feb. 4, 2000) (awarding 33-1/3% of $15 million settlement) (Stewart Decl., Ex. 2); *In re Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2013 U.S. Dist. LEXIS 70167, at *15-*16 (E.D. Tenn. May 17, 2013) (holding that "attorneys' fees requested represent one-third of the settlement fund . . . the percentage requested is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit"); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421-SSB-SLO, slip op. at ¶3 (S.D. Ohio Nov. 20, 2013) (awarding one-third of $16 million recovery) (Stewart Decl., Ex. 3).

Further, each of the Class Representatives intend to request an amount not to exceed $7,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

### 4.    There Are No Side Agreements Other than Opt-Outs

Rule 23(e)(2)(C)(iv) requires that the parties identify any side agreements. The Settling Parties have entered into a standard supplemental agreement which provides that if Class Members opt out of the Settlement such that the number of shares of Esperion common stock represented by such opt-outs equals or exceeds a certain amount, Defendants shall have the option to terminate the Settlement. Stipulation, ¶7.3.

### D.    Class Members Are Treated Equitably

As reflected in the Plan of Allocation (Stipulation, Ex. A-1 at 17-22), the Settlement treats Class Members equitably relative to each other, based on the timing of their purchase or acquisition of Esperion common stock during the Class Period and any subsequent disposition of that stock during the relevant period by providing that each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund based on their recognized losses. Accordingly, Rule 23(e)(2)(D) is satisfied.

### E.    The Judgment of Experienced Trial Counsel

The Sixth Circuit's fourth factor (the judgment of experienced counsel) is also satisfied. Class Representatives, through their counsel, having carefully considered

- 17 -

and evaluated, *inter alia*, the relevant legal authorities and evidence pertaining to the claims asserted against Defendants, the likelihood of prevailing on the claims, the risk, expense, and duration of continued litigation, and any appeals and subsequent proceedings, have concluded that the Settlement is fair, reasonable, and in the best interest of the Class.

Significant weight should be attributed to experienced counsel's evaluation and conclusion that a settlement is in the best interests of the class. *See Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (stating that courts should defer to the judgment of experienced counsel who have evaluated the strength of plaintiff's case); *In re Skelaxin Metaxalone Antitrust Litig.*, No. 2343, 2014 U.S. Dist. LEXIS 60214, at *16 (E.D. Tenn. Apr. 30, 2014) (when a "'settlement is the result of extensive negotiations by experienced counsel, the Court should presume it fair'"); *IUE-CWA v. GMC*, 238 F.R.D. 583, 597 (E.D. Mich. 2006) ("The judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'").

Here, Class Counsel have significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action recoveries throughout the country. *See* www.rgrdlaw.com; www.ksfcounsel.com. Given the experience possessed by Class Counsel, weight should be given to their

- 18 -

determination that, the Settlement set forth in the Stipulation is a good result that confers substantial, immediate benefits on the Class.

### F.     The Sixth Circuit's Public Interest Factor Is Satisfied

The public interest favors approval of the Settlement.  Indeed, as a matter of public policy, settlement is a strongly favored method for resolving disputes, particularly in complex class actions such as this.  *See, e.g.*, *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007) (noting the "federal policy favoring settlement of class actions"); *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981) ("the law generally favors and encourages the settlement of class actions"), *vacated on other grounds and modified*, 670 F.2d 71 (6th Cir. 1982); *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) ("The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits.").

The fairness and adequacy of the $18.25 million recovery are clear.  Given the litigation risks involved, the complexity of the underlying issues and the skill of defense counsel, the $18.25 million recovery obtained here represents an excellent result for the Class.  It could not have been achieved without full commitment by Class Representatives and their counsel.  The Settlement is both fair and adequate such that notice of the Settlement should be sent to the Class.

- 19 -

4818-7765-7062.v1

## V.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Rule 23(e) governs notice requirements for settlements or "compromises" in class actions.  The Rule provides that a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.  Fed. R. Civ. P. 23(e).  In addition, the Rule provides, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1)(B).

Here, the Settling Parties have negotiated the content of the Notice to be disseminated to all persons who fall within the definition of the Class and whose names and addresses can be identified from the pertinent transfer records maintained by Esperion's transfer agent that are reasonably available.  In addition, the Claims Administrator will send letters to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The parties further propose to supplement the mailed Notice with a Summary Notice, to be published once in *Investor's Business Daily* and once over a national newswire service.

The Notice and Summary Notice are attached to the Stipulation as Exhibits A-1 and A-3.  This notice plan is similar to notice plans used in numerous securities class actions in this Circuit and in courts nationwide.  *See, e.g.*, *Zimmerman v. Diplomat*

*Pharmacy, Inc., et al.*, No. 2:16-cv-14005-AC-SDD, slip op. at 4-7 (E.D. Mich. May 7, 2019) (Court approved settlement in which notice was mailed to individual class members, nominees, including major brokerage houses, and notice was published in *The Wall Street Journal* and over a national newswire service) (Stewart Decl., Ex. 4); *Indiana State Dist. Council of Laborers and HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, No. 2:06-cv-00026-WOB-CJS, slip op. at 2-3 (Mar. 21, 2019) (same) (Stewart Decl., Ex. 5); *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-07393-JGC, slip op. at 3-5 (N.D. Ohio July 19, 2016) (same) (Stewart Decl., Ex. 6); *In re Chemed Corp. Sec. Litig.*, No. 1:12-cv-00028-MRB, slip op. at 4-8 (S.D. Ohio Mar. 27, 2014) (same) (Stewart Decl., Ex. 7).

The content of the Notice also satisfies Fed. R. Civ. P. 23(c)(2) and the PSLRA (15 U.S.C. §78u-4(a)(7)).  It describes in plain English the nature of the Litigation; sets forth the definition of the Class; states the Class' claims; and discloses the right of Class Members to exclude themselves from the Class, as well as the deadline and procedure for doing so, and warns of the binding effect of settlement approval proceedings on Class Members who do not exclude themselves.  In addition, the Notice describes the Settlement; the Settlement Amount, both in the aggregate and on an average per-share distribution basis; explains the Plan of Allocation; sets out the amount of attorneys' fees and expenses that Class Counsel intend to seek in connection with final settlement approval, including the amount of the requested fees

- 21 -

and expenses determined on an average per-share basis and the amount Class Representatives intend to request pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class; provides contact information for Class Counsel, including toll-free telephone numbers; and summarizes the reasons the parties are proposing the Settlement. The Notice also discloses the date, time, and place of the formal fairness hearing, and the procedures for appearing at the hearing and objecting to the Settlement, the Plan of Allocation, or counsel's request for attorneys' fees and expenses and Class Representatives' request pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Class Counsel believe that the Notice will fairly apprise Class Members of their rights with respect to the Settlement, that it is the best notice practicable under the circumstances, and that it should be approved.

Lastly, as part of the preliminary approval of the Settlement, Class Representatives also request the appointment of Gilardi as Claims Administrator. Gilardi will be responsible for, among other things, mailing the Notice to potential Class Members, publishing the Summary Notice, reviewing and verifying claims submitted by Class Members, and distributing the Net Settlement Fund to Class Members who have submitted valid claims. Gilardi has extensive experience in settlement administration and will adequately fulfill its duties in this case. *See* www.gilardi.com.

- 22 -

## VI.   PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing the Notice and publication of the Summary Notice and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement.  The Settling Parties propose the following schedule:

| | |
|---|---|
| Notice and Proof of Claim be mailed to Class Members ("Notice Date") | 21 business days after the Court enters the Preliminary Approval Order |
| Summary Notice to be published | 7 calendar days after the Notice Date |
| Deadline for filing papers in support of final approval of the Settlement, Plan of Allocation and request for an award of attorneys' fees and expenses | 35 calendar days before the Settlement Hearing |
| Deadline (i) for objecting to the Settlement, Plan of Allocation and/or attorneys' fees and expenses, and (ii) for opting out of the Class | 21 calendar days before the Settlement Hearing |
| Deadline for filing reply papers in response to any objections | 7 calendar days before the Settlement Hearing |
| Deadline for submitting Proofs of Claim | 120 calendar days after the Notice Date |
| Settlement Hearing | At the Court's convenience at least 100 calendar days after the Court enters the Preliminary Approval Order |

- 23 -

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members with respect to their rights concerning the Settlement.

## VII.   CONCLUSION

For the reasons set forth herein, Class Representatives respectfully request that the Court: (a) preliminarily approve the Settlement set forth in the Stipulation; (b) approve the form and manner of providing notice to the Class; and (c) set a hearing date for final approval of the Settlement.

DATED:  April 26, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP

s/ Ellen Gusikoff Stewart
Ellen Gusikoff Stewart
Ryan A. Llorens
Kevin A. Lavelle
Francisco J. Mejia
Ting H. Liu
655 West Broadway, Suite 1900
San Diego, CA  92101
T:  (619) 231-1058
elleng@rgrdlaw.com
ryanl@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com
tliu@rgrdlaw.com

- 24 -

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
Melinda A. Nicholson
Alexander Burns
Alayne Gobeille
Morgan M. Embleton
1100 Poydras Street, Suite 3200
New Orleans, LA  70163
T:  (504) 455-1400
lewis.kahn@ksfcounsel.com
melinda.nicholson@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

KAHN SWICK & FOTI, LLP
Ramzi Abadou
912 Cole Street, #251
San Francisco, CA  94117
T:  (415) 459-6900
ramzi.abadou@ksfcounsel.com

*Class Counsel for Lead Plaintiffs*

THE MILLER LAW FIRM, P.C.
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
Angela L. Baldwin (P81565)
William Kalas (P82113)
950 West University Drive, Suite 300
Rochester, MI  48307
T:  (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
alb@millerlawpc.com
wk@millerlawpc.com

*Local Counsel*

- 25 -

## CERTIFICATE OF SERVICE

I, Ellen Gusikoff Stewart, hereby certify that on April 26, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail address on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Ellen Gusikoff Stewart

ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
T: (619) 231-1058

E-mail: elleng@rgrdlaw.com

## Mailing Information for a Case 2:16-cv-10089-AJT-RSW Dougherty v. Esperion Therapeutics, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  Ramzi.Abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Sharon S. Almonrode**
  ssa@millerlawpc.com,aad@ecf.courtdrive.com,ssa@ecf.courtdrive.com,aad@millerlawpc.com,leb@millerlawpc.com,leb@ecf.courtdrive.com

- **Katherine M. Anthony**
  KAnthony@goodwinprocter.com

- **Angela L. Baldwin**
  alb@millerlawpc.com,dma@courtdrive.ecf,dma@millerlawpc.com

- **Deborah S. Birnbach**
  dbirnbach@goodwinprocter.com

- **Matthew J. Boettcher**
  mboettcher@plunkettcooney.com,mkisell@plunkettcooney.com

- **Austin P. Brane**
  abrane@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Patrick E. Cafferty**
  PCafferty@CaffertyClobes.com,docket@caffertyclobes.com

- **Morgan Michelle Embleton**
  morgan.embleton@ksfcounsel.com

- **Alayne Karen Gobeille**
  Alayne.Gobeille@ksfcounsel.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **William Kalas**
  wk@millerlawpc.com,lkb@ecf.courtdrive.com,wk@ecf.courtdrive.com,lkb@millerlawpc.com

- **Thomas L. Laughlin , IV**
  tlaughlin@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Dennis A. Lienhardt**
  dal@millerlawpc.com,lkb@ecf.courtdrive.com,lkb@millerlawpc.com,dal@ecf.courtdrive.com

- **Ting H. Liu**
  TLiu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Ryan A. Llorens**
  ryanl@rgrdlaw.com,RyanL@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **Katherine McKenney**
  kmckenney@goodwinprocter.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Eric A. Michaels**
  emichaels@saretsky.com,mlamberti@saretsky.com,smauch@saretsky.com,ajohnson@saretsky.com,kfiema@saretsky.com

- **E. Powell Miller**
  epm@millerlawpc.com,aad@miller.law,aad@ecf.courtdrive.com

- **Morgan Mordecai**
  mmordecai@goodwinprocter.com

- **Melinda A. Nicholson**
  melinda.nicholson@ksfcounsel.com

- **Edmond Prifti**
  eprifti@sachswaldman.com,gkruszewski@sachswaldman.com,cblashill@sachswaldman.com,lpulgini@sachswaldman.com

- **Lisa M. Serra**
  lserra@saretsky.com,nhoenle@saretsky.com,ajohnson@saretsky.com

- **Adam Slutsky**
  ASlutsky@goodwinprocter.com,IStearns@goodwinlaw.com

- **Emily Unger**
  EUnger@goodwinlaw.com,GRossman@goodwinlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)