UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>ESPERION THERAPEUTICS, INC., et al.,<br><br>      Defendants. | Civ. No. 2:16-cv-10089-AJT-RSW<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action pending before this Court is styled *Dougherty v. Esperion Therapeutics, Inc., et al.*, Civ. No. 2:16-cv-10089-AJT-RSW (E.D. Mich.) (the "Litigation");

WHEREAS, Class Representatives having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated April 26, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Released Defendants Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, the Court preliminarily finds that:

(a)   the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator, Hon. Gerald E. Rosen (Ret.);

(b)   the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

- 1 -

(c)     the Settlement does not provide undue preferential treatment to the Class Representatives or to segments of the Class;

(d)     the Settlement does not provide excessive compensation to Class Counsel; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Final Approval Hearing described below.

2.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

3.     A hearing shall be held before this Court on August 23, 2021, at 3:00 p.m. [a date that is approximately one hundred (100) calendar days from the date of

- 2 -

this Order] (the "Final Approval Hearing"), at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 or at such other location or via telephonic or video conference as determined by the Court to: (1) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (2) determine whether an Order and Final Judgment as provided in ¶1.14 of the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (3) determine whether the proposed Plan of Allocation should be approved; (4) determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel; (5) determine any award to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4); (6) hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Class Counsel; and (iii) the award to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4); and to (7) consider such other matters the Court deems appropriate. The Court may decide to hold the Final Approval Hearing by video or telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.     The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim

and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

5.     The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7.     Esperion shall provide to the Claims Administrator, at no cost to the Class Representatives or the Class, within ten (10) business days after entry of this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Esperion common stock during the Class Period.

8.     Not later than May 27, 2021, the Claims Administrator shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.EsperionSecuritiesSettlement.com.

9.     Not later than _____, 2021 [a date seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be

- 4 -

published once in *Investor's Business Daily*, and once over a national newswire service.

10.     At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased or otherwise acquired Esperion common stock between August 18, 2015 and September 28, 2015, inclusive, for the benefit of another Person during such time period shall be requested to send the Notice and Proof of Claim to such beneficial owners of Esperion common stock within ten (10) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

12.     The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13.     All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendants Parties bear any responsibility for such fees, costs, or expenses.

14.     All Class Members (except Persons who request exclusion pursuant to ¶17 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

15.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2021 [a date one hundred-twenty (120) calendar days from the Notice Date].  Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Class Counsel shall have the discretion

- 6 -

(but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against the Class Representatives, Lead Plaintiffs' Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

16.    Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Class Counsel.

17.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, received no later than August 2, 2021 [a date twenty-one (21) calendar days prior to the Final Approval Hearing]. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) all of the Person's purchases or acquisitions of Esperion common stock during the Class Period, including the number of shares of Esperion common stock purchased or acquired, the dates and the number of those shares sold, and the price received for each such sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the

manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18.     The Claims Administrator shall cause to be provided simultaneously to Class Counsel and Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible, and certainly no later than five (5) calendar days after receiving any Request for Exclusion or fifteen (15) calendar days prior to the Final Approval Hearing, whichever is earlier.

19.     Any Member of the Class may appear at the Final Approval Hearing and object if he, she, or it has any reason why:  (1) the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate; (2) a judgment should not be entered thereon; (3)why the Plan of Allocation should not be approved; or (4) fees, costs, and expenses should not be awarded to Class Counsel or the Class Representatives; provided, however, that no Class Member or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation,

or any fees and expenses to be awarded to Class Counsel or the Class Representatives, unless the Person objecting has filed said written objections and copies of any papers and briefs with the Clerk of the United States District Court for the Eastern District of Michigan and mailed copies thereof by First-Class Mail to: (1) Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; (2) Kahn Swick & Foti, LLC, Ramzi Abadou, 912 Cole Street, #251, San Francisco, CA 94117; and (3) Goodwin Procter LLP, Deborah S. Birnbach, and Katherine G. McKenney, 100 Northern Avenue, Boston, MA 02210, no later than August 2, 2021 [a date twenty-one (21) calendar days prior to the Final Approval Hearing]. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs and expenses to Class Counsel or the Class Representatives, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses are required to indicate in their written objection their intention to appear

at the hearing.  Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

20.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Lead Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.  As provided in the Stipulation, prior to the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from Defendants and without further order of the Court.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither the Class Representatives nor Lead Plaintiffs' Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses and the Class Representatives' awards shall be filed and served no later than July 19, 2021 [a date thirty-five (35) calendar days prior to the Final Approval Hearing], and any reply papers shall be filed and served no later than August 16, 2021 [a date seven (7) calendar days prior to the Final Approval Hearing].

22.     The Released Defendants Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or the Class Representatives, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

23.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees and expenses, should be approved.  The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or expenses.

24.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or

any other Released Defendants Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.   The Released   Defendant Parties, the Class Representatives, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.   All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.   Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Defendants Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.   The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction

to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of March 12, 2021.

IT IS SO ORDERED.


DATED:  May 6, 2021            s/Arthur J. Tarnow
                              THE HONORABLE ARTHUR J. TARNOW
                              UNITED STATES DISTRICT JUDGE

- 13 -