UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br> vs.<br><br>ESPERION THERAPEUTICS, INC., et al.,<br><br>             Defendants. | Civ. No. 2:16-cv-10089-AJT-RSW<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES, LITIGATION COSTS AND EXPENSES AND AWARDS TO CLASS REPRESENTATIVES PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on August 23, 2021, on the motion of Class Counsel for an award of attorneys' fees and expenses (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated April 26, 2021 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.   The Court hereby awards Class Counsel attorneys' fees of 32.5% of the $18.25 million Settlement Amount, plus expenses in the amount of $833,716.99, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate.

5.   The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel immediately upon execution of the Order and Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.   In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

   (a)   the Settlement has created a fund of $18,250,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Class Counsel;

   (b)   over 13,400 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees in an

amount not to exceed 32.5% of the Settlement Amount and for expenses in an amount not to exceed $1,000,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

   (c) Class Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

   (d) Class Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

   (e) Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

   (f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

   (g) had Class Counsel not obtained the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

   (h) Class Counsel have devoted over 18,233 hours to achieve the Settlement;

   (i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Sixth Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $7,500.00 each to Ronald E. Wallace and Walter J. Minett for the time they spent directly related to their representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:   August 24, 2021         s/Arthur J. Tarnow
                                 THE HONORABLE ARTHUR J. TARNOW
                                 UNITED STATES DISTRICT JUDGE