UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>ESPERION THERAPEUTICS, INC., et al.,<br><br>     Defendants. | Civ. No. 2:16-cv-10089-AJT-RSW<br><br><u>CLASS ACTION</u><br><br>ORDER AND FINAL JUDGMENT |

A hearing having been held before this Court on August 23, 2021 to determine whether: (1) the terms and conditions of the Stipulation of Settlement dated April 26, 2021 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Defendants Parties, and should be approved; (2) judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants herein and as against the Releasing Plaintiffs Parties; (3) to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and (4) in what amount to award Class Counsel fees and expenses and to award reimbursement to the Class Representatives in connection with their representation of the Class.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Esperion Therapeutics, Inc. ("Esperion") common stock between August 18, 2015 and September 28, 2015, inclusive ("Class"), as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form

approved by the Court, was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Class Counsel and the request for an award to the Class Representatives in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4); and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Court has jurisdiction over the subject matter of this Litigation, the Class Representatives, all Class Members and Defendants.

2. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was properly given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

3. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

4. The Litigation is hereby dismissed in its entirety with prejudice.

5. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.35 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6. Upon the Effective Date, the Releasing Plaintiffs Parties are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Defendants Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

7. Upon the Effective Date, the Releasing Plaintiffs Parties shall, and each of the Class Members shall be deemed to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants Parties. The Releasing Plaintiffs Parties and each Class Member are bound by this

Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendants Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. Upon the Effective Date, each of the Released Defendants Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives, each and all of the Class Members, and Lead Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

9. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed, or document executed, pursuant to or in furtherance of the Stipulation or the Settlement, nor any

of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be offered or received against:

(a) any of the Released Defendants Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendants Parties with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that has been or could have been asserted against any of the Released Defendants Parties in the Litigation or any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendants Parties;

(b) any of the Released Defendants Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendants Parties, or against the Class Representatives or any Member of the Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Class Representatives;

(c) the Released Defendants Parties, the Class Representatives, or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendants Parties, the Class Representatives, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Defendants Parties, the Class Representatives, or any Member of the Class in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Defendants Parties, Lead Plaintiffs, and any Member of the Class may refer to it to effectuate the liability protection granted them hereunder;

(d) any of the Released Defendants Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendants Parties that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e) the Class Representatives or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by the Class Representatives or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants in the Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

10. Notwithstanding the provisions of the preceding paragraph, the Released Defendants Parties may file the Stipulation and/or this Judgment in any action that may be brought against them to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court finds that Esperion has satisfied its financial obligations under the Stipulation by causing the $18,250,000 Settlement Fund to be paid.

12. The Court finds and concludes that the Class Representatives, Lead Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

13. Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Class Counsel's application for an award of attorneys' fees and expenses.

14. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

15. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Class Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

16.     Jurisdiction is hereby retained over Defendants, the Class Representatives and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Class.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.5-7.7 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to March 12, 2021.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

20.     This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Order and Final Judgment.

21. The Court has considered the objection to the Settlement filed by Sonja Peterson, and finds it without merit such that it is overruled in its entirety.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: August 24, 2021  s/Arthur J. Tarnow
THE HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE